The relators join in this proceeding for a (136) mandamus. A man by the name of Martin was indicted in Anson Superior Court for murder, and the cause was duly removed for trial to Richmond County. There it was tried and the prisoner convicted. After the conviction a guard was ordered out by the proper authorities to guard the jail. The property of the prisoner was exhausted in the payment of his liabilities, and the several individuals composing the guard applied for a mandamus to compel the county of Anson to pay the costs of their services. Several reasons were assigned by the defendant why the writ should not issue. The first is that the claims of the relators are several, and not joint, and therefore they could not join in the application; the last, that the county of Anson is not liable. The presiding judge, believing the first objection fatal, discharged the rule, not passing upon any other. The last is the main one, as it affects the rights and liabilities of the parties. Consequently, that, though not decided in the Superior Court, was principally argued here, and the Court has thought it proper, for the satisfaction of the parties, to express its opinion upon it.
The question arises solely under the acts of our Legislature. A slight review of them will serve to bring the point in controversy plainly before us. It is a principle of the common law that every criminal offense shall be tried in the county in which it is perpetrated. Under our system of administering the law it is sometimes found that justice demands this principle should be departed from. Accordingly, an act was passed in 1801, Rev. St., ch. 31, sec. 120, in which power is given to a judge of a Superior Court, upon a suggestion on oath by either party to the suit that justice cannot be done, to remove the cause for trial to an adjoining county. Under this act the prosecution of *Page 107 
Martin was removed to Richmond County for trial. There it was tried and the prisoner convicted. After the conviction, a guard was, by the proper officer of the county, (137) ordered to guard the jail. This proceeding was had under an act passed in the year 1795. Rev. St., ch. 90, sec. 5. By this section a judge of the Superior Court, being in the county in which the prisoner is confined, is authorized to direct the commanding officer of the county to furnish to the sheriff or jailer such a guard as may be suitable to the occasion; it further provides that "the guard so ordered out shall receive such compensation as is or may be provided by law for the militia." Upon the requisition of the Superior Court, then in the county of Richmond, a guard was called out by the commanding officer of the county; and the inquiry before us is, which county, that where the prosecution commenced or that where the trial was had, shall bear the burthen of guarding the jail? By an act passed in 1808, ch. 757, sec. 1, it is provided that "the several county courts of pleas and quarter sessions shall lay such a tax, etc., as shall be sufficient to pay off the expenses to be incurred for guarding the jail and removing persons to other counties. Previous to this period, it was a burthen borne by the public treasury. The second section provides, "that hereafter all claims for guarding of prisons and conveying of prisoners shall be all allowed by the court of the county in which such prison is situated or from which any person is removed." By the first section of the act of 1810, Rev. St., ch. 28, sec. 14, it is enacted, "that in all cases where the counties are liable to pay costs, those counties wherein the offenses shall have been charged to be committed shall pay them. And all fines, forfeitures and amercements shall be accounted for and paid to the trustee of the county wherein the offense may have been charged to be committed, wherein such fines, forfeitures and amercements as may have been charged shall have arisen." If during the pendency of the prosecution of Martin in Richmond any fine, forfeiture or amercement had been incurred in any way, though collected in that county, they would have gone to (138) the trustee of the county of Anson. As this fund, then, and all derived from a similar source in the latter, go to constitute, with the appropriate tax, the fund for defraying these expenses, it would seem to be but right that the county deriving the benefit should bear the burthen. A very ingenious argument was built upon the phraseology of sec. 7, ch. 90, Revised Statutes, which is taken from section 2 of the act of 1808, above cited. It was, according to that act, to show that, if the county of Anson was bound to pay anything, it was only the expense *Page 108 
of removing the cause and transferring the prisoner; and that Richmond County ought to bear the expense of guarding her own jail, as it was her duty to provide one that did not need guarding. To this argument the first reply is, it nowhere appears that the guard was rendered necessary by any defect in the jail. Nor is that the only ground upon which it may be ordered out. But another and a more sufficient one is to be found in the act itself. The provision is evidently made to meet the two cases, where the trial shall be had in the county possessing original jurisdiction, and the other where it is acquired by removal. Read in this manner, redendosingula singulis, and the meaning is apparent. The act of 1810 was passed to remove any doubt which might rest upon that of 1808 in this matter. We are of opinion that the county of Anson is bound to pay the expenses of the guard while Martin was confined in the jail of Richmond County.
The point decided by his Honor is not so important, as it relates solely to the mode of proceeding. The decision on it seems to us to have proceeded on a wrong idea as to the nature of the case as it was before the court. It was treated as a mandamus, at the instance of several relators. It was in truth but a rule, and was so considered in most respects by the (139) parties. There was no writ, no return; but simply affidavits on both sides. Upon the rule, we suppose the court could mould the writ or writs so as to suit the case and give to each one of the relators his due. Indeed, we presume the justices of Anson, when informed that their county is liable for the expenses of the guard, would much prefer the decision on that point in this form of one rule, rather than to be put to the expense of a separate mandamus for each of the guard. It is for that reason the Court has decided the matter of right, so as to facilitate the disposition of the controversy on the case going back.
Judgment reversed, at the costs of the defendant. This opinion will be certified to the Superior Court of Anson County.
PER CURIAM. Ordered accordingly.
Cited: S. c., 44 N.C. 302. *Page 109